IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ANTHONY JOHNSON,
         Plaintiff,

vs.                                       5:07cv49/RS/MD

OFFICER BURKETTE, et al.
         Defendants.

## REPORT AND RECOMMENDATION

This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1), and motion to postpone disposition.  (Doc. 13).  In his motion to postpone disposition, plaintiff asks that the court not assess any more partial filing fee installments until the date of his upcoming release, which he states is within the next 120 days.  Upon consideration of the motion, postponing disposition is not warranted as the complaint should be dismissed.

Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably

meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 131 Fed. Appx. 682*,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. See *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006); *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed if plaintiff has not stated enough facts to state a claim to relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, ___ S.Ct. ___, 2007 WL 1461066 *14 (2007) (once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint *11 in note 14) (abrogating *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S., at 45-46, 78 S.Ct. 99.)) Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented a claim for which he may recover the damages sought, and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff was incarcerated at Bay Correctional Facility at the time the events giving rise to this complaint took place. Named as defendants in this action are Officer Burkette, Officer O'Neal, Officer McCall, Officer Biggs, Capt. R. Holland, Chief Barnes, and Warden Spivey. Plaintiff contends during his incarceration he agreed to serve as a confidential informant for Captain Holland in exchange for work release, and that in so doing he provided information that led to arrests and disciplinary action taken upon various inmates. At the behest of Sgt. Freeman, who is not a named defendant in this action, plaintiff attempted to build trust with corrections officers, including a female officer Danielle Daniels,

in an attempt to get her to bring contraband into the institution. Before this occurred, Officer Daniels allegedly sent in photos of herself, with the result that she was fired and disciplinary action was taken against the plaintiff despite the fact that he was working with other corrections officers about this matter. Plaintiff states that he placed in confinement for establishing or attempting to establish a personal or business relationship with a staff member. While in confinement, he was again advised to cooperated if he wanted to go to work release. After speaking to Warden Spivey and Chief Barnes he wrote a statement on an inmate request form that was to be forwarded to Inspector C. Hubbard. Instead of placing plaintiff's statement in which he admitted setting up inmates and an officer in the inmate mail, Officer O'Neal placed it on his desk and later read it, sharing the contents with other officers and inmates. Officers O'Neal, Burkette and McCall allegedly told several inmates that plaintiff was a "snitch." Plaintiff states that he continued to cooperate in hopes of gaining work release, but he was never successful. He states that as a result of the aforementioned occurrences, he has lost gain time, the eligibility for work release, and his marriage has been destroyed, leaving him no place to call home upon his release from incarceration.

Plaintiff contends that Officer O'Neal violated his "right to confidentiality" by reading the statement that he wrote, that Officers Burkette, O'Neal, McCall and Biggs endangered his life and defamed his character by sharing with the general population that he cooperated with the staff. Captain Holland, Chief Barnes and Warden Spivey "used entrapment to gain [his] assistance by promising [him] work release in exchange for information." As relief he seeks compensation for not having a place to live due to his marriage being destroyed, that all his gain time be restored, as well as the possibility of work release, and that all officers directly involved receive some type of reprimand.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

    1. whether the conduct complained of was committed by a person acting under color of state law; and

  2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), <u>overruled on other grounds</u> *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

  To the extent plaintiff has sued defendants in their official capacities, the defendants are entitled to Eleventh Amendment immunity.  A plaintiff may not bring a § 1983 action for monetary damages against the state or state officials in their official capacities. *Miller v. King*, 384 F.3d 1248 (11th Cir. 2004).  A suit against a state employee in his or her official capacity is deemed to be a suit against the state for Eleventh Amendment purposes. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45, 58 (1989).  Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment prohibits a suit brought by a private individual against a state in federal court.  *See Federal Maritime Commission v. South Carolina State Ports Authority,* 535 U.S. 743, 122 S.Ct. 1864, 1877-78, 152 L.Ed.2d 962 (2002); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gamble v. Florida Department of Heath and Rehabilitative Services*, 779 F.2d 1509, 1511 (11th Cir. 1986).  Thus, plaintiff's official capacity claims against the defendants are subject to dismissal.

  Additionally, plaintiff seeks damages for the destruction of his marriage, or the resultant lack of a place to live.  Such a request for damages is precluded by Title 42 U.S.C. § 1997e(e), which provides that "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  Section 1997e(e) applies to all claims.  See *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005) (Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury); *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001) (explaining that the plain language of § 1997e(e) "does not permit alteration of its clear damages restrictions on the

basis of the underlying rights being asserted"); *Davis v. District of Columbia*, 158 F.3d 1342, 1349 (D.C.Cir.1998) (reasoning that "§ 1997e(e) precludes claims for emotional injury without any prior physical injury, regardless of the statutory or constitutional basis of the legal wrong"); see also *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) (reading § 1997e(e)"as limiting recovery for mental or emotional injury in all federal civil actions brought by prisoners," and rejecting argument that First Amendment claims are exempt from the statutory limitation on recovery); *Thompson v. Carter*, 284 F.3d 411, 416 (2nd Cir. 2002) ("[W]e conclude that Section 1997e(e) applies to all federal civil actions including claims alleging constitutional violations."); *Allah v. Al-Hafeez,* 226 F.3d 247, 250 (3rd Cir. 2000) (rejecting argument that First Amendment claim for compensatory damages absent physical injury was outside the scope of the PLRA, because "[t]he plain language of § 1997e(e) makes no distinction between the various claims encompassed within the phrase 'federal civil action' to which the section applies"); but see *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998) (stating that "§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought") (footnote omitted). Plaintiff has not shown any physical injury which would make recovery for the requested damages allowable.

Plaintiff's claim regarding the restoration of gain time credits is not actionable under section 1983 since it is in the nature of habeas corpus. The Supreme Court stated in *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L.Ed.2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Claims for restoration of gain time credit are properly treated as requests for habeas corpus relief. *Id*. at 489-90; *McKinnis v. Mosley*, 693 F.2d 1054, 1056-57 (11th Cir. 1982); *Johnson v. Hardy*, 601 F.2d 172, 173 (5th Cir. 1979). Regardless of the label plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. *Prather v. Norman*, 901 F.2d 915, 918-19 n.4 (11th Cir. 1990) (per curiam); *McKinnis*, 693 F.2d at 1057. Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first

present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). The remedy of an extraordinary petition, specifically, a writ of mandamus or of habeas corpus, is available in the Florida Courts for plaintiff to pursue relief for his gain time issues. *See* FLA. CONST., art. V, § 5; FLA. R. CIV. P. 1.630, FLA. R. APP. P. 9.100. Further, plaintiff may file an appeal at the state level from an adverse decision of the lower court in this matter. *See* FLA. CONST., art. V, § 4; FLA. R. APP. P. 9.110.

Based upon the Supreme Court decision in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the claim should be dismissed. The Court in *Heck* stated that an action under section 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-487, 114 S.Ct. at 2372. The holding in *Heck* is applicable to the instant claim where the plaintiff challenges the taking of his gain time credits. *See Miller v. Indiana Dept. of Corrections*, 75 F.3d 330, 331 (7th Cir. 1996); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Best v. Kelly*, 39 F.3d 328, 330 (D.C.Cir. 1994).[1] Thus, this claim should be dismissed without prejudice to its refiling in the event the plaintiff obtains an invalidation of the disciplinary action against him.

---

[1] Although *Heck* involved a claim for damages which, if proven, would cast doubt on the plaintiff's conviction, claims for the restoration of gain time or damages for the deprivation of gain time credits are encompassed by the opinion. Discussing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court in *Heck* recognized that a claim for damages attacking only the disciplinary procedures themselves and not necessarily impacting upon the loss of gain time credits could proceed under section 1983. However, the Court reaffirmed that inmates cannot recover damages for the actual loss of gain time credits without first invalidating the disciplinary action through habeas corpus or similar means. 114 S.Ct. at 2369-2370. With the instant claim, plaintiff seeks damages against defendants for reaching the wrong result as opposed to using the wrong procedure. Accordingly, the claim does not merely challenge procedures but instead challenges the length of his confinement, and it is therefore subject to the holding in *Heck*. However, claims that challenge an administrative or disciplinary sanction that does not affect the overall length of a prisoner's confinement are not barred by *Heck*. See *Muhammad v. Close*, 540 U.S. 749, 754, 124 S.Ct. 1303, 158 L.Ed.2d 32 (2004); *Peralta v. Vasquez,* 467 F.3d 98 (2nd Cir. 2006); *Ramirez v. Galaza,* 334 F.3d 850 (9th Cir. 2003).

Additionally, it is clear from the attachments to the plaintiff's complaint that he has not properly exhausted his administrative remedies. Title 42 U.S.C. § 1997e provides in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).[2] Exhaustion of all available administrative remedies is mandatory, and is a pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. at 524, 122 S.Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S.Ct. at 1825. The requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S.Ct. 1081, 117

---

[2]**The purpose of this exhaustion requirement is to reduce the quantity and improve the quality of prisoner suits.** *Porter v. Nussle*, **534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). In** *Alexander v. Hawk*, **159 F.3d 1321 (11th Cir. 1998), the Eleventh Circuit noted the following seven policy reasons favoring exhaustion:**

- (1) to avoid premature interruption of the administrative process;
- (2) to let the agency develop the necessary factual background upon which decisions should be based;
- (3) to permit the agency to exercise its discretion or apply its expertise;
- (4) to improve the efficiency of the administrative process;
- (5) to conserve scarce judicial resources;
- (6) to give the agency a chance to discover and correct its own errors; and
- (7) to avoid the possibility that "frequent and deliberate flouting of the administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures."

*Id.* **at 1327 (quoting** *Kobleur v. Group Hospitalization and Med. Servs., Inc.*, **954 F.2d 705, 712 (11th Cir. 1992)).**

*Case No: 3:07cv273/LAC/MD*

L.Ed.2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998).  Moreover, as the United States Supreme Court recently held, the PLRA requires "proper exhaustion," so that the agency addresses the issues on the merits.  *Woodford v. Ngo*, --- U.S. ---, 126 S.Ct. 2378, 2387-88, 165 L.Ed.2d 368 (2006); *see also* 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance.  The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules.").  The exhaustion requirement is not satisfied by the prisoner filing an untimely or otherwise procedurally defective administrative grievance or appeal.  *Id.*, 126 S.Ct. at 2378.  Plaintiff's grievances were returned without action because they were untimely.

Accordingly, it is ORDERED:

Plaintiff's motion to postpone disposition (doc. 13) be DENIED.

And it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 20th day of July, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:07cv273/LAC/MD*